**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| SERGEY CHETVERIKOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )Civil Case No. AW-09-1617 |
| | ) |
| JANET NAPOLITANO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Sergey Chetverikov ("Plaintiff") brings this action against Defendants Janet Napolitano, Department of Homeland Security Secretary; Michael Aytes, United States Citizenship and Immigration Services ("USCIS" or the "Agency") Acting Deputy Director; and Richard Caterisano, USCIS Baltimore District Director, requesting judicial relief in the form of an adjudication of Plaintiff's application for naturalization, pursuant to 8 U.S.C. § 1447(b). Currently pending before the Court is Defendant's Motion to Remand (Doc. No. 9). The Court has reviewed the entire record, as well as the Pleadings and Exhibits, with respect to the instant motion and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set forth below, the Court will **GRANT** Defendants' Motion to Remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a lawful permanent resident of the United States and a citizen of Russia who seeks to have his pending FORM N-400, Application for Naturalization, adjudicated. On or about June 28, 2004, Plaintiff filed an Application for Naturalization with the Agency. On November 22, 2004, Plaintiff was interviewed and examined by the USCIS Baltimore District Office. After the interview, Plaintiff was required to submit local and state police records in order to complete his application. In December 2004, Plaintiff timely filed the requested

documents with the Agency and until the time of this suit, Plaintiff has contacted the Agency no less than five times by mail, telephone, and in person to inquire upon his application status. Throughout this time, no substantive information was provided to Plaintiff.

More than 120 days has elapsed since Plaintiff completed his application and the Agency has made no decision on Plaintiff's application.  As a result, on June 15, 2009, Plaintiff filed a petition for a hearing on his naturalization application in this Court, pursuant to 8 U.S.C. § 1447(b).   Plaintiff's complaint requests that the Court enter either a *de novo* judicial determination of his naturalization application and grant naturalization or remand the matter to USCIS.  Plaintiff also requests that the Court grant him attorney's fees and further relief as may be appropriate.  On December 15, 2009, the Agency moved to remand this matter and dismiss the case without prejudice.  This Motion to Remand is ripe and ready for a ruling.

## DISCUSSION

Pursuant to 8 U.S.C. § 1447(b), an applicant may apply to a United States District Court, in the district where the applicant resides, for a hearing on his or her naturalization application if the Agency fails to make a determination on the application before the end of the 120-day period following his or her examination.  The statute vests the district courts with jurisdiction over these cases, and courts "may either determine the matter or remand the matter, with appropriate instructions, to the [Agency] to determine the matter."  *Etape v. Chertoff*, 497 F.3d 379, 383 (4th Cir. 2007).

Here, Defendants seek to remand this case back to the USCIS because it has the information it needs to complete Plaintiff's application process and is able to make a decision. Defendants argue that this case should be remanded to USCIS because it is charged with the duty and expertise to complete the adjudication of Plaintiff's application.  Defendants also contend

that if Plaintiff is denied citizenship, he could then return to this Court, after having exhausted his administrative remedies, at which point, this Court would have the benefit of a full record and a reasoned decision. Plaintiff opposes remanding the case back to the Agency and argues that remand would nullify the intent of § 1447(b). Alternatively, Plaintiff argues that the Court should remand the case and order the Agency to adjudicate Plaintiff's application within thirty (30) days from the Court's order.

This Court finds that the appropriate remedy is to remand the case back to the Agency and direct the Agency to adjudicate this matter within sixty (60) days of this ruling. In reviewing the pleadings and requests presented by the parties, this Court finds that remand of this case is appropriate. The majority of courts in this District have exercised their jurisdiction over cases with similar facts and circumstances and have remanded the matters back to the Agency with appropriate instructions to adjudicate the petitioners' applications. *Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 810 (E.D. Va. 2007) (remanding case back to USCIS with appropriate instructions after a two year delay); *Injeti v. Keisler*, Civil Action No. AW-07-2730 (D. Md. May 30, 2008) (granting motion to remand to USCIS brought under § 1447(b) so that USCIS could complete adjudication).

If Plaintiff is denied citizenship, he may then return to this Court for a *de novo* review on the merits of his application. *See* 8 U.S.C. § 1421; 8 C.F.R. § 336. After a remand to the Agency and the exhaustion of administrative remedies, this Court will have the benefit of a full record and a reasoned determination upon which to review Plaintiff's case. Defendants have indicated that they are ready to adjudicate Plaintiffs application for naturalization upon an order of remand from this Court. The Court will allow the Agency an additional sixty (60) days to adjudicate Plaintiff's application, which is the alternative relief that Plaintiff is seeking.

## <u>CONCLUSION</u>

For the reasons stated above, this Court will **GRANT** Defendant's Motion to Remand this case back to the Agency, with instructions that the Agency render a decision within sixty (60) days of this ruling.  An Order consistent with this Memorandum Opinion will follow.


<u>March 30, 2010</u>                                      <u>            /s/            </u>
        Date                                      Alexander Williams, Jr.
                                         United States District Court Judge